Gregory B. Smith (USB #6657)
GREG SMITH & ASSOCIATES (ALAPC)
111 East 5600 South, Suite 105
Murray, Utah 84107
Telephone: (801) 651-1512
mail: gs@justiceinutahnow.com

*Attorney for David Crane and Jordan Aitken.*

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>AEROSCAPE, INCORPORATED AND RYAN BROWN<br><br>Defendants. | **COMPLAINT FOR DAMAGES**<br><br>(JURY TRIAL DEMANDED)<br><br>Civil No.: |

**COMPLAINT FOR VIOLATION
OF THE FAIR LABOR STANDARDS ACT
(UNPAID WAGES AND OVERTIME and RETALIATION)**

---

Plaintiff, MICHAEL JOHNSON, hereby complains against Defendants, demanding a trial by jury, and seeking relief as follows:

1

## I.    PARTIES

1. Plaintiff, MICHAEL JOHNSON, presently resides in Utah. At all times relevant herein, Plaintiffs was a resident of the State of Utah, and all acts herein complained occurred in the State of Utah.

2. Defendant, AEROSCAPE is a Utah company and RYAN BROWN is a citizen of the state of Utah, who was an "employer" under the FLSA.[1]

## JURISDICTION AND VENUE

3. This action is brought pursuant to the Fair Labor Standards Act (FLSA), as codified, 29 U.S.C. 201 to 219 and pursuant to Utah state employment and contract laws.

4. This Court has pendent jurisdiction of the related state law claims asserted under 28 U.S.C. § 1367 because they arise from a nucleus of operative facts common to the causes of action arising under this complaint, and because exercising pendent jurisdiction serves the interests of judicial economy, convenience and fairness to the parties.

---

[1] Entity Number: 5114172-0142; Company Type: Corporation - Domestic – Profit; Address: 8488 S STATE SREET MIDVALE, UT 84047; State of Origin: Registered Agent: RYAN BROWN; Registered Agent Address: 8488 S STATE; MIDVALE, UT 84047

**5.**     Venue is proper in this Court pursuant to Utah Code § 78B-3-304(2) and 28 U.S. Code § 1391 because all work completed and described herein was performed in the State of Utah.

## PRELIMINARY STATEMENT

6.     This case concerns the employment practices of Defendants. The Plaintiff, Mr. Johnson, is a nonexempt employee of Defendants.

**7.**     This action seeks liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

8.     This action also seeks damages from illegal retaliation.

## STATEMENT OF FACTS

9.     At all times relevant, Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et seq.  Both Defendants were *employers* (per the FLSA) over Plaintiffs.

10.     At all times relevant, Defendants employed and continue to employ, employees, including those like Plaintiff, who engage in commerce or in the production of goods for commerce.

11.     Aeroscape is a business regulated by the FLSA, and was a covered enterprise during the time Plaintiffs worked for Defendants, and

Ryan Brown was an *employer* within the meaning of the FLSA – what one did, the other aided and abetted, and they acted as one.

12. Mr. Johnson still works as a non-exempt employee for Defendants, and has at all times during his employment with Defendants, been a non-exempt employee.

13. Defendants hired him on or about June of 2018.

14. He has been paid by the hour.

15. He worked beyond 40 hours per workweek (and such had been the case for months).

16. He had been falsely told he works for two separate companies (both owed by Ryan Brown), so he did not get paid overtime.

17. While working (at any given time), he did not know which of the two alleged companies he was working for.

18. He often worked 60-70 hours per week.

19. Mr. Johnson is a hard worker, who merely wanted to be paid legally, so he brought what he believed to be Defendants' illegal activity (violating the FLSA) to Defendants attention on October 30, 2018.

20. In other words, he had his attorney write a letter to Defendants, which laid out the situation – that in order to avoid paying overtime, when Mr. John reached 40 hours in any workweek, Defendants would then – merely on paper - switch Mr. Johnson from one of Ryan Brown's companies

4

to another, so that the overtime hours would pour over into the second company, which would be paid at a straight-time rate.

21. Ryan Brown signs the checks from one company (the Park City one), and Chantel, his wife, signs the checks from the other company (Aeroscape Property Management Inc.).

22. As a practical matter, Mr. Johnson worked for Ryan Brown, and never knew when he was working for which of Mr. Brown's two companies.

23. The two companies, instead of having just one, existed for the purpose of avoiding the mandates of the FLSA.

24. Mr. Johnson suffered retaliation under section 215(a)(3) of the United States Fair Labor Standards Act, which makes it unlawful for an employer to discharge or in any other manner discriminate against any employee because such employee has filed any complaint, which has cost him at least thousands of dollars.

25. After Mr. Johnson complained, his hours were cut drastically, and his pay decreased drastically.

    a. His hours were cut about 15 hours per week.

    b. His paychecks (biweekly) were cut by about $800 – about $1,600 a month.

    c. His company trailer broke, which has still not been fixed.

    d. He went from working upwards of 70 hours per week, to now working zero hours per week.

    e. Last week he only worked about four hours.

## CAUSES OF ACTION

### Violation of the Wage Requirement
### of the Fair Labor Standards Act

26. Plaintiffs incorporate by reference each of the preceding paragraphs as though set forth herein at length.

27. Defendants violated the FLSA § 7, U.S.C. § 207 by failing to pay wages and minimum wage.

28. Pursuant to the FLSA § 16, 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover unpaid wages, overtime, wage differential, liquidated damages in an equal amount, attorney's fees, and the cost of this litigation.

29. David Crane's overall earnings are down at least $35,000.

30. Both plaintiffs worked about 10 hours per week of overtime for which they have not been paid.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs prays judgment against Defendants for the following relief:

1. All statutory, general, compensatory, consequential, and other damages allowed by law.

2. An order requiring Defendants to pay all costs, legal fees, and expenses incurred in this action.

3.     Any such further orders as the Court may deem just and proper under the circumstances, such as pre- and post-judgment interest.

Dated this 17th day of January, 2019

                        GREG SMITH AND ASSOCIATES PC

                        <u>/s/ Gregory B. Smith</u>
                        Gregory B. Smith
                        *Attorney for Plaintiff*